SEAN REIS (SBN 184044)
*sreis@edelson.com*
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone:  (949) 459-2124
Facsimile:  (949) 459-2123

JAY EDELSON*
(jedelson@edelson.com)
RAFEY S. BALABANIAN*
(rbalabanian@edelson.com)
BRADLEY M. BAGLIEN*
(bbaglien@edelson.com)
CHRISTOPHER L. DORE*
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

* *Pro hac vice* Application Forthcoming

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CORNETT, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>DIRECT BRANDS, INC., a Delaware corporation and BOOKSPAN, a Delaware general partnership,<br><br>     Defendants. | Case No. **'11CV1745 L NLS**<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

### CLASS ACTION COMPLAINT

Plaintiff Martha Cornett, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.     Plaintiff brings this class action complaint against Defendants Direct Brands, Inc. and Bookspan (collectively "Defendants") based upon their deceptive and unlawful conduct in connection with the design, marketing, and operation of numerous mail-order and online book, music and movie clubs (the "Clubs").

2.     In order to induce consumers to sign up for the Clubs, Defendants offer introductory, "one-time" deals to new members while intentionally failing to disclose numerous costs, penalty fees, and obligations imposed by Defendants pursuant to a membership agreement that purportedly governs membership in the Clubs (the "Membership Agreement").

3.     Among the purported requirements of the Membership Agreement is that members must purchase a minimum number of products from the subject club at "regular club prices" in the one-year period following the date of registration.  Defendants use these minimum purchase requirements to systematically force members to purchase products from the Clubs at inflated prices and to charge consumers excessive penalty fees for their alleged failure to meet the minimum purchase requirements.

4.     However, Defendants lack authority to impose these charges and fees on consumers because the Membership Agreement is an invalid and unenforceable open price contract.  In particular, the Membership Agreement fails to disclose a price, term or clear objective criteria to inform consumers of: a) the costs and consequences of not fulfilling the minimum purchase requirements; b) the actual cost of purchasing products that would fulfill the minimum purchase requirements; and c) which products, when purchased, will fulfill the

COMPLAINT

1  minimum purchase requirements.

2      5.      Accordingly, Plaintiff, on behalf of herself and all others similarly situated,

3  brings this action to request a declaration that the Membership Agreement is invalid and

4  unenforceable and to recover monies unlawfully retained by Defendants in connection with

5  their operation of the Clubs.

6                              **PARTIES**

7      6.      Plaintiff Martha Cornett is a natural person and a citizen of the State of

8  California.

9      7.      Defendant Direct Brands, Inc. is a corporation incorporated and existing under

10  the laws of the State of Delaware with its principal place of business located at 501 Franklin

11  Avenue, Garden City, New York 11530.  Direct Brands is a direct-to consumer marketer and

12  seller of book, music, and video products.  Direct Brands transacts business throughout the

13  United States, the State of California, and this District.

14      8.      Defendant Bookspan is a general partnership existing under the laws of the

15  state of Delaware with its principal place of business located at 501 Franklin Avenue, Garden

16  City, New York 11530.  Bookspan is a direct-to consumer marketer and seller of book,

17  music, and video products.  Bookspan is an affiliate owned and operated by Defendant Direct

18  Brands.  Bookspan transacts business throughout the United States, the State of California,

19  and this District.

20                          **JURISDICTION & VENUE**

21      9.      The Court has subject matter jurisdiction over this action pursuant to the Class

22  Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one member of the

23  putative class is a citizen of a state different from Defendants, (b) the amount in controversy

24  exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that

25  subsection apply to this action.

26      10.     Venue is proper in this District under 28 U.S.C. § 1391(a)(1-2) as Plaintiff

27

28

COMPLAINT

3

Martha Cornett resides in this District and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## COMMON ALLEGATIONS OF FACT

**Defendants' Clubs**

11.     Defendants operate a variety of online, mail-order book and media clubs (the "Clubs") that purport to offer discounted books, movies, and television shows to registered members.  Defendants' network of clubs includes Doubleday Book Club, Book of the Month Club, and Columbia House, among others.[1]

12.     Defendants induce new members to enroll in the Clubs by offering one-time, introductory "special offers" of highly reduced price books and movies.  In order to receive the advertised prices, consumers must agree to an open price contract, the terms of which are partially disclosed to consumers only after they select discounted books or movies for purchase, and a material portion of which are never disclosed at all.

13.     Unbeknownst to many consumers, Defendants require that members purchase multiple books and/or movies at inflated "regular" club prices in the year following registration.  Additionally, unbeknownst to all consumers, Defendants also impose penalty fees on members who fail to fulfill these purchase requirements for each of the Clubs.

14.     Moreover, Defendants' Clubs rely heavily on a controversial practice known as negative option billing, a process by which goods are provided automatically to consumers periodically – in the case of Defendants' Clubs, approximately every 3 weeks – and the consumer must take affirmative action to stop the shipment or he or she will receive the product and the cost will be directly charged to a credit card on file with Defendants.  The

---

[1] The complete list of Clubs relevant to this complaint is: Black Expressions, Book of the Month, Children's Book-of-the-Month, Columbia House, Columbia House - TV on DVD, Crafter's Choice, Crossings, Double Day Book Club, Doubleday Large Print, History Book Club, Military Book Club, HomeStyle Books, Insight Out Books, The Literary Guild, Mosaico, Mystery Guild, One Spirit, Rhapsody, Science Fixction Book Club, Scientific American Book Club, The Good Cook.

COMPLAINT

4

1    items shipped by Defendants are not expressly requested or authorized by the recipients.

2        15.    Numerous consumer protection groups and the FTC have criticized the

3    practice of negative option billing, as it causes consumers to frequently receive unwanted

4    goods when they are unable to timely decline the unsolicited product.

5    **The Registration Process for Defendants' Clubs**

6        16.    Defendants maintain functionally identical websites for each of the Clubs, all

7    of which employ the same methods and procedures to encourage new members to register for

8    the clubs and immediately purchase additional products from Defendants.

9        17.    When consumers first navigate to one of Defendants' websites, they are

10   encouraged to immediately select several books and/or movies for highly reduced,

11   introductory prices.   For example, the landing page for Doubleday Book Club urges

12   prospective members to select four books for $0.99, and presents an additional "Special

13   Offer" and "Bonus" deal for two additional books for $5.99 each.   However, Defendants

14   charge inflated shipping prices ($13.70 for five books) that are nearly double online

15   competitors (*e.g.* five full size hardcover books from amazon.com ship for $7.95).

16       18.    Prospective members are only able to view the introductory, "special" prices

17   prior to registering for any of the Clubs.   While Defendants require that consumers become

18   members in the subject club to obtain the advertised introductory prices, Defendants do not

19   conspicuously disclose information on what books or movies will cost once their

20   membership term begins.

21       19.    Throughout the entire selection and initial sign up period, Defendants provide

22   virtually no details regarding the full terms of membership governing the Clubs.   Rather,

23   Defendants encourage prospective members to immediately take advantage of the

24   introductory deals and quickly proceed to checkout.   Specifically, nowhere on the face of the

25   pages of the Clubs' multi-step registration process does it disclose any the following: (1) that

26   there is a purchase requirement; (2) the time frame in which those purchases must take place;

27

28

COMPLAINT

(3) the cost per item to fulfill the purchase requirement; (4) the penalties for failing to fulfill any purchase requirement; (5) that "featured selections" will be automatically sent on a periodic basis; (6) that affirmative action will be required to stop the shipments and prevent a consumer from being charged; and (7) the actual cost of any "featured selections."

20.     Only after prospective members complete their initial selections, and provide all of the personal information required for membership, do Defendants present a link to the terms and conditions that purportedly govern membership in the Clubs (the purported terms and conditions, which are functionally identical for all of the Clubs, are identified by Defendants and are referred to herein as the "Membership Agreement").   However, a consumers' purported assent to the Membership Agreement occurs on a page prior to and separate from the credit card submission page, an intentional design meant to decrease the number of prospective consumers who will actually attempt to read the Membership Agreement.

**The Membership Agreement**

21.     Defendants have intentionally designed the Membership Agreement in a manner intended to confuse and mislead consumers regarding the obligations and costs associated with membership in the Clubs.  While Defendants claim to provide the full terms of "Hassle Free Membership" therein, the Membership Agreement is most notable for the information that it fails to provide to consumers.

22.     Under the heading "Easy Membership," the terms of the Membership Agreement purport to require that new members purchase a select minimum number of books at "regular Club prices" in the one-year period following the date of registration. However, the Membership Agreement provides no indication of what "regular Club prices" actually are, forcing consumers to agree to membership in the Clubs without understanding how much they must spend to meet the purchase requirements during the initial membership period.   Indeed, Defendants unilaterally set "regular club prices" and the Membership

Agreement allows Defendants' to manipulate those prices to any level without notice and without reference to any objective criteria.

23.     Moreover, the Membership Agreement fails to inform consumers of any penalty, automatic charge, or other consequence that may result from a member's failure to fulfill the purported purchase requirements of the Membership Agreement.  Despite this, Defendants systematically charge penalty fees to members who do not meet the purchase requirements within the one-year membership period.

24.     In a further attempt to mislead consumers, Defendants fail to conspicuously inform members that they will receive periodic, unsolicited "featured selections" from Defendants, the price of which will be automatically charged to members who fail to promptly and expressly decline the selection.  To discover this material term of membership, consumers must scroll down to the bottom of the Membership Agreement, where Defendants' minimal disclosure appears under the separate misleading heading "Hassle Free Membership."

25.     Defendants intentionally designed the Membership Agreement to be deceptive in that it contains two separate headings detailing the terms of the agreement: "Easy Membership" and "Hassle Free Membership." These two sections are separated by two other headings and do not both visibly appear on the screen simultaneously when the Membership Agreement is opened.  The clear impact of this design is that a consumer could read the "Easy Membership" section and understand it to be the total requirements set forth by agreement (although that section itself omits material terms).

26.     Additionally, the "Hassle Free Membership" section begins with the word FREE in all capital letters and describes the catalogs consumers will receive; buried within that section, however, is a notification that consumers will be required to take affirmative action to prevent being charged on at least a monthly basis.

27.     As a result, numerous consumers join the Clubs without knowledge of the fact

COMPLAINT

that they must actively monitor their account and communications with Defendants to avoid unwanted products and charges.

28.      While Defendants fail to conspicuously disclose any information regarding "regular club prices," the Membership Agreement promises "up to 50%" savings through the purchase of discounted "Club Editions," which Defendants represent to be "full-length books, sometimes changed in size to save you more."

29.      In reality, "Club Edition" copies are substantially inferior in quality to traditional retail books, with club editions being smaller in size, featuring thinner paper and cheaper, less durable bindings, and using a small, less legible typeface throughout the book. These material deficiencies in the quality of the product are never disclosed to consumers.

**Operation of Defendants' Clubs**

30.      Once enrolled in the Clubs, Defendants encourage members to accept their highly priced "featured selections," while making it difficult for consumers to meet the purported purchase requirements with lower priced selections chosen by members themselves, which are rarely counted toward the total.

31.      When members browse for books or movies, they are given no indication of whether a particular purchase will count towards the purchase requirements of the Membership Agreement.  This includes browsing "clearance" or "reduced price" sections, adding the items to the online shopping cart, and actually checking out.  At each step along the way, Defendants specifically and intentionally omit any warning that these items will not count towards the purchase requirements.  Accordingly, members frequently purchase a book or movie expecting that it will count towards their purchase requirement, only to find out too late that it did not.

32.      Even more flagrantly, if consumers know to visit the "featured selection" section of their Clubs' website, they are provided an opportunity to "buy it now" and accept the "featured selection" at a reduced price rather than regular club price.  On information and

COMPLAINT

8

belief, if a consumer purchases a "featured selection" at the reduced price, the item will not count towards their minimum purchase requirements. This material difference is not disclosed to consumers. This effectively punishes a customer for actively monitoring their account and following Defendants' suggestions.

33. Defendants' "featured selection" system is further designed to increase the likelihood that consumers will not deny the offerings in a timely manner and be forced to receive and pay for books they do not want. Such tactics include sending multiple "featured selections" – as many a three or four in a one-month period – in contrast to Defendants' own Membership Agreement. This requires members to constantly return to the Club's website or contact Defendants by phone to deny the selection.

34. Likewise, each "featured selection" often includes more than just a single book or movie, commonly two, and potentially as many as four. This again runs afoul of Defendants' own Membership Agreement, which describes the "featured selection" as a single "selection." Based on consumer experience, members may receive notice of four impending selections, two of which can be denied by email, and two others that must be denied through the Club's website or over the phone. Accordingly, if a consumer fails to deny a set of four books, the member may include charges as high as $80.

35. To add to consumer frustration, even though members are instructed to call or use the website to deny the "featured selection," a customer service number is extremely difficult to find and requires members to locate a link among fifty-one others on the help page (oddly, the contact phone number is not listed on the "contact us" page). Likewise, consumers regularly complain that requests, questions, and complaints go completely unanswered through Defendants' customer service email.

36. Even if a consumer can navigate all of these hurdles, denial of featured selections as well as cancellation requests are regularly ignored, resulting in unsolicited and unwanted goods, in addition to unauthorized charges.

COMPLAINT

37.     As the end of a yearly membership approaches, Defendants do not notify members if they have satisfied all the purchase requirements during the membership period. Nor do Defendants warn members that they are in danger of failing to meet the purchase requirements.

38.     Accordingly, consumers are left with little control over their compliance with the purchase requirements of the Membership Agreement, outside of simply accepting Defendants' highly priced featured selections.

39.     Defendants unilaterally determine whether a member has met the purchase requirements of the Membership Agreement at the conclusion of the member's initial one-year membership term.  If Defendants conclude that a consumer has failed to purchase a sufficient number of books or movies at "regular Club prices," Defendants immediately and without warning charge the credit or debit card on file for that consumer for the purported value of the books, plus shipping and handling charges.

40.     Specifically, after Defendants charge consumers, Defendants send a letter providing the consumer a chance to pick books or movies in exchange for the charge already placed on their account.  Defendants only provide a limited list to choose from, and notably, the total charge is unrelated to and disconnected from the actual price of books chosen.  This means that a consumer is charged an inflated penalty price regardless of what books or movies are chosen.  Defendants never disclose this penalty to consumer during or after the registration process, and consumers only become aware after they are charged.

**FACTS RELATING TO PLAINTIFF MARTHA CORNETT**

41.     On or about June 20, 2010, Plaintiff Martha Cornett visited www.doubledaybookclub.com, a website owned and operated by Defendants.  Pursuant to Defendants' introductory deal, Plaintiff selected five books for purchase and was charged a total of $14.69.

42.     Plaintiff believed that she was required to purchase three additional books to

COMPLAINT

1   fulfill her membership commitment. Defendants did not disclose how much the three

2   additional books would cost or what would occur if she failed to meet the purchase

3   requirements.

4       43.      On or about July 21, 2010, Plaintiff placed an order through

5   DoubleDayBookClub.com for three additional books. Plaintiff believed that the purchase of

6   these books would satisfy her additional purchase requirements under the Membership

7   Agreement, and Plaintiff was not informed otherwise by Defendants at the time of purchase.

8       44.      On or about December 17, 2010, Plaintiff placed an order through

9   DoubleDayBookClub.com for two additional books. Plaintiff believed that the purchase of

10   these books would satisfy, and exceed, her additional purchase requirements under the

11   Membership Agreement, and Plaintiff was not informed otherwise by Defendants at the time

12   of purchase.

13       45.      Because Plaintiff had purchased five books during her initial one-year

14   membership period, she did not believe that she was required to purchase additional books

15   prior to June 20, 2011.

16       46.      On or about June 22, 2011, Plaintiff received an unsigned letter from

17   "Doubleday Book Club" informing her that Defendants "recently applied a charge of $63.63"

18   to Plaintiff's credit card representing "the three remaining books required to complete

19   [Plaintiff's] membership agreement."

20       47.      Plaintiff did not authorize Defendants to charge her credit card as described in

21   the June 22, 2011 letter. Prior to her receipt of the letter, Plaintiff was given no notice that

22   Defendants intended to charge her credit card or that Plaintiff had failed to meet the purchase

23   requirements of the Doubleday Book Club Membership Agreement.

24       48.      The letter further informed Plaintiff that she could select three books from an

25   enclosed brochure in "consideration for [Plaintiff's] payment." Defendants requested that

26   Plaintiff communicate her order through the mail.

27

28

COMPLAINT

49.     Plaintiff was not interested in any of the selections provided in the enclosed brochure. Shortly thereafter, Plaintiff contacted a customer service representative at the phone number provided in Defendants' June 22, 2011 letter, and was informed that she could pick three books from the Doubleday website. Plaintiff selected three books, bringing her total purchased books to eight for the year, not including the initial five she purchased during registration. The price of each book Plaintiff chose was $10.99, plus shipping and handling.

50.     When Plaintiff complained that the $63.63 charge was far too high based on a per book cost of $10.99, she was informed that the cost of each book did not matter and that the charge of $63.63 would remain on Plaintiff's credit card. Defendants refused any refund and informed Plaintiff that she was required to pay $63.63 to fulfill her purchase commitment under Plaintiff's membership agreement.

51.     Prior to receiving the June 22, 2011 letter, Plaintiff was never informed of the amount she would be charged for "required purchases" under her Membership Agreement with Doubleday Book Club.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff Martha Cornett brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class defined as follows:

**Club Class:**  All persons in the United States who enrolled in Defendants' Clubs online.

**Penalty SubClass:**  All members of the Club Class who have been charged by Defendants for failure to fulfill their membership commitment.

Excluded from the Classes are Defendants, their legal representatives, assigns, and successors, and any entity in which Defendants have a controlling interest. Further excluded are Plaintiff's attorneys. Also excluded is the judge to whom this case is assigned and the

COMPLAINT

12

1  judge's immediate family.

2      53.    Upon information and belief, there are thousands of persons in the Classes,

3  such that joinder of all members is impracticable.

4      54.    Plaintiff will fairly and adequately represent and protect the interests of the

5  Class members.   Plaintiff has retained counsel with substantial experience in prosecuting

6  complex litigation and class actions.   Plaintiff and his counsel are committed to vigorously

7  prosecuting this action on behalf of the members of the Classes, and have the financial

8  resources to do so.   Neither Plaintiff nor his counsel have any interest adverse to those of the

9  other members of the Classes.

10      55.    Absent a class action, most members of the Classes would find the cost of

11  litigating their claims to be prohibitive, and will have no effective remedy.   The class

12  treatment of common questions of law and fact is also superior to multiple individual actions

13  or piecemeal litigation in that it conserves the resources of the courts and the litigants, and

14  promotes consistency and efficiency of adjudication.

15      56.    Defendants have acted and failed to act on grounds generally applicable to the

16  Plaintiff and the other members of the Classes in transmitting the wireless spam at issue,

17  requiring the Court's imposition of uniform relief to ensure compatible standards of conduct

18  toward the members of the Classes.

19      57.    The factual and legal bases of Defendants' liability to Plaintiff and to the other

20  members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other

21  members of the Classes as a result of the unlawful conduct alleged herein.   Plaintiff and the

22  other Class members have all suffered harm and damages as a result of Defendants' unlawful

23  and wrongful conduct alleged herein.

24      58.    There are many questions of law and fact common to the claims of Plaintiff

25  and the other members of the Classes, and those questions predominate over any questions

26  that may affect individual members of the Classes.   Common questions for members of the

27

28

COMPLAINT

Classes include but are not limited to the following:

(a) Whether Defendants' Membership Agreement is invalid and unenforceable;

(b) Whether Defendants' conduct alleged herein constitutes violations of Cal. Civ. Code §§ 1750, *et seq.*;

(c) Whether Defendants' conduct alleged herein constitutes violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

(d) Whether Defendants' conduct constitutes fraud by omission;

(e) Whether Defendants' conduct constitutes fraud in the inducement;

(f) Whether Defendants' conduct constitutes negligent misrepresentation;

(g) Whether Defendants' conduct constitutes unjust enrichment;

(h) Whether Defendants' conduct alleged herein constitutes violations of Cal. Civ. Code. § 1671.

## FIRST CAUSE OF ACTION

### Declaratory Relief – Invalidity of Membership Agreement

### (Individually and on behalf of the Class and SubClass)

59. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

60. For the reasons detailed throughout this complaint, and stated below, the Membership Agreement is invalid and unenforceable.

61. The Membership Agreement contains open price terms that are not stated in connection without any objective method of determination. Specifically, the Membership Agreement does not contain a price, term or clear objective criteria to:

a. Inform consumers of the cost and consequences of not fulfilling

COMPLAINT

the purchase requirements;

> b.    Inform consumers of the actual cost of purchasing products to
> fulfill the purchase requirement;

> c.    Inform consumers of which products, when purchased, will
> fulfill the purchase requirements;

> d.    Inform consumers of the cost and consequences of failing to
> deny a "featured selection."

62.    Moreover, the Membership Agreement allows Defendants to unilaterally set "regular club prices" and Defendants are free to alter those prices without notice and without reference to any objective criteria.

63.    Members of the Classes and Defendants have adverse legal interests, and there is a substantial controversy between members of the Classes and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Defendants' Membership Agreement is invalid and unenforceable against Plaintiff and the Classes.

64.    Plaintiff desires a judicial determination of the respective rights and duties of Plaintiff and Defendants with respect to the Membership Agreement and a declaration that Defendants' Membership Agreement is invalid and unenforceable.

65.    Pursuant to Code of Civil Procedure 1060, such a declaration is necessary and appropriate at this time in order that Plaintiff and Defendants may ascertain their relative rights and duties with respect to the Membership Agreement.

## SECOND CAUSE OF ACTION

### Violation of the Consumer Legal Remedies Act Cal. Civ. Code § 1750 et seq.

### (Individually and on behalf of the Class and SubClass)

66.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

COMPLAINT

67.     The Consumers Legal Remedies Act ("CLRA") prohibits the act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, concealment, suppression, or omission of any material fact with intent that others rely upon such act in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

68.     The CLRA applies to Defendants' actions and conduct as described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

69.     Defendants are "persons" as defined by Cal. Civ. Code § 1761(c).

70.     Plaintiff and each member of the Classes are "consumers" as defined by Cal. Civ. Code § 1761(d).

71.     Defendants' Clubs and the products provided therefrom are "goods" and/or "services" within the meaning of Cal. Civ. Code § 1761(a) and (b), respectively.

72.     As described herein, Defendants have engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750 et seq., to the detriment of Plaintiff and the Classes.

73.     Defendants, acting with knowledge, intentionally and unlawfully brought harm upon Plaintiff and the Classes by deceptively inducing Plaintiff and the Classes to sign up for its Clubs without fully disclosing the terms of membership and the costs to be borne by members.

74.     Specifically, Defendants violated Cal. Civ. Code § 1750 in at least the following respects:

    a.      In violation of § 1770(5), representing that the Clubs has characteristics, ingredients, uses, benefits, or quantities which it does not have.

    b.      In violation of § 1770(7), representing that the Clubs are of a particular standard, quality, or grade of which they are not.

COMPLAINT

c.    In violation of § 1770(9), advertising the Clubs with the intent not to sell them as advertised.

75.    Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' business, and were capable of deceiving a substantial portion of the public who registered for Defendants' Clubs.

76.    The facts misrepresented and/or omitted by Defendants to Plaintiff and the Classes are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase products from Defendants and join Defendants' Clubs.  Had Plaintiff and the Class known the full extent of the membership terms of the Clubs, the consequences for not meeting the purported purchase requirements, and the full costs of fulfilling the Membership Agreement, they would not have purchased goods from Defendants or joined the Clubs.

77.    The full terms of membership in Defendants' Clubs, including the costs of fulfilling the membership requirement and the penalty for failing to fulfill the membership requirement, is and was a material consideration for consumers in deciding whether to join Defendants' Clubs.

78.    Defendants' false representations and omissions about the Clubs were likely to mislead Plaintiff and the members of the Classes.

79.    As a direct and proximate result of Defendants' violation of Cal. Civ. Code § 1750, *et seq.*, Plaintiff and each member of the Classes have suffered harm in the form of monies paid to Defendants.  Plaintiff, on behalf of herself and the Classes, seeks injunctive relief.  For the sake of clarity, Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

COMPLAINT

### THIRD CAUSE OF ACTION

### Violation of the Unfair Competition Law Cal. Bus. & Prof. Code § 17200 et seq

### (Individually and on behalf of the Class and SubClass)

80.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

81.    California's Unfair Competition Law ("UCL") protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

82.    The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition.  An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

83.    As described above, Defendants have violated the unlawful prong of the UCL by violating the CLRA.

84.    As described herein, Defendants have violated the unfair prong of the UCL by inducing Plaintiff and members of the Classes to sign up for Defendants' Clubs and purchase products from Defendants.  As described herein, Defendants failed to disclose the full terms of membership of the Clubs, including the requirements needed to fulfill the membership commitment and the consequences from failing to fulfill the purchase requirements.  The injuries caused by Defendants' conduct are not outweighed by any countervailing benefits to consumers or competition, and Plaintiff and members of the Classes could not have reasonably avoided the injuries they sustained.

85.    As described herein, Defendants have also violated the fraudulent prong of the UCL by knowingly and willfully making false and misleading statements, and failing to disclose material terms, regarding the terms of membership of Defendants' Clubs.

86.    Defendants' false representations and omissions were likely to mislead Plaintiff and members of the Classes acting reasonably under the circumstances, and

1    constitute a deceptive trade practice in violation of the UCL.

2         87.    As a direct and proximate result of Defendants' unlawful, unfair, and

3    fraudulent acts, Plaintiff and each member of the Classes have suffered injury in fact and lost

4    money by joining Defendants' Clubs and buying books and media from Defendants.

5         88.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining

6    Defendants from continuing to engage in the unfair and unlawful conduct described herein.

7    Plaintiff seeks an order requiring Defendants to (1) immediately cease the unlawful practices

8    alleged in this Complaint; (2) make full restitution of all funds wrongfully obtained; and (3)

9    pay interest, attorneys' fees, and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

10                           **FOURTH CAUSE OF ACTION**

11                              **<u>Fraud by Omission</u>**

12             **<u>(Individually and on behalf of the Class and SubClass)</u>**

13        89.    Plaintiff incorporates by reference the foregoing allegations as if fully set

14   forth herein.

15        90.    Based on Defendants' material omissions, Plaintiff and members of the

16   Classes were not informed of the full terms of membership prior to joining Defendants'

17   Clubs, including but not limited to the fact that numerous purchases would not count toward

18   satisfying the membership purchase requirements, the regular price of books and media that

19   satisfied members' purchase requirements, and the consequences of failing to fulfill purchase

20   requirements at the end of a one-year period of membership.

21        91.    Defendants knew that they concealed from and failed to disclose to Plaintiff

22   and members of the Classes the full terms of membership of the Clubs.

23        92.    Defendants were under a duty to disclose to Plaintiff and the members of the

24   Classes the full terms of membership in the Clubs, including the regular price of books and

25   media that could be used to fulfill members' purchase requirements and the consequences of

26   failing to meet such purchase requirements, because: (1) Defendants were in a superior

27

28

COMPLAINT

19

position to know the true state of facts regarding the Membership Agreement; (2) Plaintiff and class members could not reasonably have been expected to learn or discover that they were not presented with the full terms of membership prior to joining the Clubs; and (3) Defendants knew that Plaintiff and members of the Classes could not reasonably have been expected to learn or discover the full terms of membership prior to joining the Clubs.

93.     The facts concealed or not disclosed by Defendants to Plaintiff and the Classes are material in that a reasonable consumer would have considered them to be important in deciding whether to join Defendants' Clubs.

94.     Plaintiff and members of the Classes justifiably relied on the omissions of Defendants to their detriment.

95.     That detriment is evidenced from the monies paid from Plaintiff and Class Members to Defendants.

96.     As a direct and proximate result of Defendants' misconduct, Plaintiff and the Classes have suffered and will continue to suffer actual damages in the form of monies taken by Defendants.

## FIFTH CAUSE OF ACTION

### Fraud in the Inducement

### (Individually and on behalf of the Class and SubClass)

97.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

98.     As described herein, Defendants misrepresented and/or failed to disclose material provisions of the Membership Agreement, including the price of books and media required to be purchased during the member's commitment term and the consequences of failing to meet the purchase requirements of the Membership Agreement.

99.     Through the misrepresentations and omissions detailed herein, Defendants wrongfully induced Plaintiff and the Class to join the Clubs and subsequently purchase books

COMPLAINT

1    from and/or pay penalty fees to Defendants.

2        100.    Defendants knew or should have known that its misstatements and omissions

3    regarding the terms of membership of the Clubs rendered the Membership Agreement

4    incomplete and misleading to Plaintiff and the Class.

5        101.    Defendants intended that consumers rely upon their misstatements and

6    omissions regarding the Membership Agreement.

7        102.    In deceiving Plaintiff and members of the Classes regarding the full terms of

8    membership in the Clubs, Defendants have engaged in fraudulent practices designed to

9    induce consumers to register for Defendants' Clubs.

10       103.    As a proximate result of Defendants' violations of law and wrongful conduct

11   alleged herein, Plaintiff and members of the Classes have suffered damages in the form of

12   monies paid to Defendants.

<strong>SIXTH CAUSE OF ACTION</strong>

<strong><u>Negligent Misrepresentation</u></strong>

<strong><u>(Individually and on behalf of the Class and SubClass)</u></strong>

16       104.    Plaintiff incorporates by reference the foregoing allegations as if fully set

17   forth herein.

18       105.    Through its public representations and omissions, Defendants failed to

19   disclose the full terms of membership governing Defendants' Clubs, including the price of

20   books and media required to be purchased under the Membership Agreement, the price of

21   products automatically sent to Plaintiff and members of the Classes via the catalog, and the

22   consequences or damages imposed for failing to fulfill the purchase requirements of the

23   Membership Agreement.

24       106.    At all material times, Defendants knew or should have known of their failure

25   to fully disclose all material terms of the Membership Agreement.

26       107.    Defendants intended that Plaintiff and the members of the Class rely on their

COMPLAINT

misrepresentations and omissions by joining Defendants' Clubs.

108.    Plaintiff and members of the Classes justifiably relied on Defendants' representation that the terms disclosed on Defendants' websites represented the full terms of membership governing Defendants' Clubs, and were unaware of additional terms at the time that they agreed to join the Clubs.

109.    As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff and members of the Classes suffered damages in the form of monies paid to Defendants.

## SEVENTH CAUSE OF ACTION

### Unjust Enrichment

### (Individually and on behalf of the Classes)

110.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

111.    Plaintiff and the Classes have conferred a benefit upon Defendants. Defendants have received and retained money belonging to the Plaintiff and the Classes as a result of its unlawful and deceptive practices.

112.    Defendants appreciate or have knowledge of said benefit.

113.    Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and the Classes that it unjustly received as result of its actions.

114.    Plaintiff and members of the Classes have suffered financial loss as a direct result of Defendants' conduct.

115.    Plaintiff, on behalf of herself and the Classes, seek restitution for Defendants' unlawful conduct.

COMPLAINT

### EIGHTH CAUSE OF ACTION

### Alternative Claim for Violation of Cal. Civ. Code § 1671

### (On behalf of Plaintiff and the SubClass)

116.     Plaintiff incorporates by reference the forgoing allegations, excluding paragraphs 110-115.

117.     In the alternative to Count Seven, Defendants' unilateral charging of Plaintiff and members of the SubClass a cost above and beyond the actual costs of the items necessary to fulfill any Membership Agreement obligations are prohibited penalties in violation of Cal. Civ. Code § 1671.

118.     The imposition of an unstated penalty fee for a failure to purchase the a certain number of products within a single year constitutes a prohibited penalty in the case of a customer's breach under Cal. Civ. Code. § 1671.

119.     Imposing additional charges above and beyond the cost of items purchased from Defendants to complete a consumer's yearly quota is unreasonable in light of the circumstance existing at the time the contract was made.  No such requirement existed at that time.  Defendants' Membership Agreement specifically omits *any* provisions related to what will happen if a customer fails to purchase the necessary amount of items in a single year.

120.     Plaintiff and members of the SubClass utilized Defendants' services for consumer, and not business, purposes.

121.     To the extent the contract is considered one for the retail purchase of personal services primarily for personal purposes, even if there were an express contractual provision allowing for the imposition of the penalty fees, the fees are impermissible given the nature of the case because it would not be impracticable or extremely difficult to fix the actual damage that Defendants would experience from a customer's failure to fulfill her yearly purchase quota.

122.     As an actual and proximate result of Defendants' imposition of the unlawful

COMPLAINT

23

penalties, Plaintiff and the SubClass suffered actual damages in the amount of the fees, interest, lost opportunity, and other actual and consequential damages.

123.   Plaintiff, individually and on behalf of the SubClass, respectfully pray for a declaration that Defendants' charges above and beyond the cost of items necessary to fulfill its Membership Agreement is an unlawful penalty in violation of Cal. Civ. Code § 1671, and award actual and consequential damages in an amount to be proven at trial, plus interest, costs, and reasonable attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martha Cornett, on behalf of herself, the Class, and SubClass, prays for the following relief:

1.   An order certifying this case as a class action on behalf of the Class and SubClass as defined above; appointing Plaintiff Cornett as the Class Representative of the Class and SubClass; and appointing her counsel as Class Counsel;

2.   Declare that Defendants' Membership Agreement is invalid and unenforceable as against Plaintiff and members of the Classes;

3.   Declare that Defendants' actions, as set out above, violate Cal. Bus. & Prof. Code §§ 17200 *et seq.*, Cal. Civ. Code §§ 1750 *et seq.*, Cal. Civ. Code § 1671, and constitute unjust enrichment, negligent misrepresentation, fraud by omission, and fraud in the inducement.

4.   Award injunctive relief as necessary to cease Defendants' unlawful conduct as described herein;

5.   Award Plaintiff and the Classes actual damages and costs;

6.   An award of reasonable attorneys' fees and costs; and

7.   Such further and other relief the Court deems reasonable and just.

COMPLAINT

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: August 4, 2011

Respectfully submitted,

By: _____
Sean P. Reis
One of the Attorneys for Plaintiff

JAY EDELSON*
(jedelson@edelson.com)
RAFEY S. BALABANIAN*
(rbalabanian@edelson.com)
BRADLEY M. BAGLIEN*
(bbaglien@edelson.com)
CHRISTOPHER L. DORE*
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378
* *Pro hac vice* Application Forthcoming

SEAN REIS (SBN 184044)
*sreis@edelson.com*
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone:  (949) 459-2124
Facsimile:  (949) 459-2123

COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Martha Cornett, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sean Reis, Edelson McGuire, LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688 (949) 459-2124

## DEFENDANTS
DIRECT BRANDS, INC., a Delaware corporation and BOOKSPAN, a Delaware general partnership

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'11CV1745 L    NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332(d) (jurisdiction)
Brief description of cause:
Declaratory relief, violation of Consumer Legal Remedies Act and Cal. B&P 17200, fraud and others

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  08/04/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.